UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 14-10363-RGS

UNITED STATES

v.

BARRY J. CADDEN ET AL.

ORDER ON SETTING REASONABLE TIME LIMITS
FOR THE TRIAL OF THE REMAINING DEFENDANTS

August 10, 2018

STEARNS, D.J.

The court intends to commence the trial of the remaining defendants in *United States v. Cadden, et al.,* on October 2, 2018, with the first phase of jury empanelment. For the reasons to be explained, the court will order the government and the defense to submit proposed time limits on the presentation of the case to the jury.

Federal courts have considerable authority when it comes to managing their dockets. *Sec'y of Labor v. DeSisto*, 929 F.2d 789, 795-796 (1st Cir. 1991). This includes the ability to impose reasonably strict time limits on jury trials. *Id.* This inherent authority is reinforced by the Federal Rules of Evidence, which are to "be construed so as to . . . eliminate unjustifiable expense and delay." Fed. R. Evid. 102. Specifically, the court has the power

to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to . . . avoid wasting time," Fed. R. Evid. 611(a)(2), and to exclude even relevant evidence on the basis of wasted time or the needless presentation of cumulative evidence, Fed. R. Evid. 403. These powers give life to the adage that "it has never been supposed that a party has an absolute right to force upon an unwilling tribunal an unending and superfluous mass of testimony limited only by his own judgment and whim." 6 Wigmore, *Evidence* § 1907 (1976).

Although more common in civil cases, "setting time limits in a criminal trial is equally authorized." *United States v. Cousar*, 2007 WL 4456798, at *2 (W.D. Pa. Dec. 16, 2007); *accord United States v. Hildebrand*, 928 F. Supp. 841, 849 (N.D. Iowa 1996). Indeed, the First Circuit has specifically acknowledged the court's authority to "impos[e] reasonable time limits on both civil and criminal trials in the exercise of the court's reasonable discretion." *DeSisto*, 929 F.2d at 795 (citing *United States v. Reaves*, 636 F. Supp. 1575, 1578 (E.D. Ky. 1986)); *accord United States v. DeCologero*, 364 F.3d 12, 25 (1st Cir. 2004). The ability to regulate proceedings in this manner serves several beneficial purposes. As a practical matter, it enables the court to efficiently manage its docket. *See DeSisto*, 929 F.3d at 795-796. It also recognizes and ameliorates the substantial burden a drawn-out trial places

on jurors. *Cousar*, 2007 WL 4456798, at *2. Finally, it promotes a more efficient presentation of the case, which not only improves the quality of jury comprehension, *see United States v. Warner*, 506 F.3d 517, 521-524 (7th Cir. 2007) (op. dissenting from denial of rehearing *en banc*), but also eliminates "[n]umerous objections or *sua sponte* interruptions by the court to debate what evidence is repetitious or cumulative," *Reaves*, 636 F. Supp. at 1580. As the court's present and past experience teaches, time limits focus the presentations of the attorneys to the benefit of the jurors, the court, and ultimately the lawyers themselves.

A court's imposition of time limits or other restraints on trial time must, of course, be reasonable. *DeSisto*, 929 F.2d at 795. The court's discretion must be guided by an assessment of the complexity of the case to ensure that the parties can "present[] sufficient evidence on which to base a reliable judgment." *Id.* at 796. For example, the court cannot arbitrarily exclude or limit witnesses. *See, e.g.*, *United States v. Colomb*, 419 F.3d 292, 299-302 (5th Cir. 2005); *DeSisto*, 929 F.2d at 794-796. In the criminal context, time limits must also account for special considerations not present in civil cases. In particular, a court must respect a defendant's right to testify in his own defense and his right to confront the witnesses against him. *See United States v. Morrison*, 833 F.3d 491, 504-505 (5th Cir. 2016), *cert.*

3

*denied*, 137 S. Ct. 1098 (2017).  The court must also respect the prosecution's prerogative to choose the offenses to try, *see DeCologero*, 364 F.3d at 23-25; *United States v. Zabawa*, 39 F.3d 279, 283-285 (10th Cir. 1994); as well as the government's need to meet its burden of proof on each count, *see Colomb*, 419 F.3d at 300.

The court believes that these concerns are balanced most efficiently by giving each side a set period of time to present its case, rather than attempting to set time limits for individual witnesses or counts.  This procedure leaves each side "free to make individual tactical and methodological choices within these limits . . . concerning whom it will call to testify and what other evidence it will introduce."  *Id.* at 299 n.15; *accord Reaves*, 636 F. Supp. at 1580; *cf. DeCologero*, 364 F.3d at 23 (although general time limits may "have the effect of restricting each side's proof," they ensure that "each side still retains control of *what* it will prove in the time available").

To enable the court to set reasonable time limits on the length of the trial, each side is ordered to provide to the court their estimate of the amount of time (expressed in hours) needed to present their cases (exclusive of cross examination, which is taxed to the examiner, jury empanelment, and opening and closing statements).  It will be especially helpful to the court if

4

the remaining defendants respond collectively to this order.  Each side is also invited to provide, *ex parte* and under seal, additional information to assist the court in its ultimate determination, such as lists of expected witnesses and comments on factors that it believes will affect the length of time required.  The deadline for these submissions is August 24, 2018.

                            SO ORDERED.

                            /s/ Richard G. Stearns
                            _____
                            UNITED STATES DISTRICT JUDGE