UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 14-10363-RGS

UNITED STATES OF AMERICA

v.

BARRY J. CADDEN, et al.

TRIAL ORDER WITH RESPECT TO
REMAINING DEFENDANTS

August 31, 2018

STEARNS, D.J.

In anticipation of the trial of the remaining defendants, now set to commence October 2, 2018, with the assembly of the venire for purposes of completing the jury questionnaire, the court orders as follows:

1. <u>Time limits</u>. The government is allocated sixty (60) hours. Defendants are collectively allocated sixty (60) hours to be divided among themselves as they so agree. Cross-examination is taxed to the party conducting the cross-examination.

2. <u>Peremptory challenges</u>. The court will sit sixteen (16) jurors. By operation of Fed. R. Crim. P. 24, the government will have nine (9) challenges, the defendants thirteen (13), these to be exercised jointly by defendants.

3. <u>Jury questionnaire</u>.  On or before September 21, 2018, the parties will submit a proposed neutral description of the case to be provided to the venire (a suggested version is attached).  The court will ask the venire to answer essentially the same questions that were propounded in the Cadden and Chin questionnaires.

4. <u>Courtroom logistics</u>.  Each defendant and his or her counsel will be seated at counsel's table.  Defendants are reminded that the court will not authorize CJA funds for a second chair at trial, nor will there be space available for a second lawyer at counsel table.  The government will be permitted to have two counsel at the government's table.

5. <u>Schedule</u>.  The venire will be assembled October 2, 2018.  The court and counsel will meet as needed on October 3 and 4 to review and screen the jury questionnaires.  Empanelment will take place on Friday, October 5, 2018.  It is the court's present intention to begin trial with opening statements on Monday, October 15, 2018, but this may change.

        SO ORDERED.

        /s/ Richard G. Stearns
        _____
        UNITED STATES DISTRICT JUDGE

## CASE SUMMARY

The indictment charges former employees of the now-defunct New England Compounding Center, Inc., or NECC with various criminal offenses following a wide-scale outbreak of fungal meningitis blamed on contaminated vials of a drug called methylprednisolone acetate, or MPA, manufactured and sold by NECC.  A number of persons died or suffered serious injuries after being injected with the defective drug.  None of the defendants are charged with the deaths of these patients.  Rather the indictment charges various defendants with conspiring to commit fraud by knowingly marketing drugs that had been manufactured in non-sterile conditions, of attempting to deceive the Food and Drug Administration regarding the true nature of NECC's business, or of violating provisions of the Food, Drug, and Cosmetic Act by introducing adulterated or misbranded drugs into interstate commerce.

An indictment is the document that advises a defendant of the accusations against him or her.  An indictment is not evidence.  Each of the defendants has pled not guilty to all of the charges tendered against him or her. Under our Constitution and system of laws, the government has the burden of proof.  The government must come forward with proof, beyond a reasonable doubt, that each defendant committed the specific crimes with which he or she is charged.   A defendant has no obligation to prove his or her innocence.  A defendant is presumed innocent of the charges and this presumption stays with him or her unless and until the government proves the offense charged beyond a reasonable doubt.

By way of introduction, defendants Gene Svirskiy, Christopher Leary, Joseph Evanovsky, Alla Stepanets, Kathy Chin, and Michelle Thomas were licensed Massachusetts pharmacists employed at NECC performing various tasks related to the manufacture, compounding, packaging and delivery of NECC's drugs.  Defendant Sharon Carter worked at NECC as a pharmacy technician assisting the pharmacists in their work. Defendant Gregory Conigliaro was a part owner and Vice President of NECC in charge of regulatory compliance.

The defendants maintain their innocence with respect to all crimes alleged in the indictment for which they are charged. Each defendant specifically denies that he or she did or failed to do anything that resulted in the contamination of the drugs, or had any reason to know that some drugs had become adulterated, or that any aspect of NECC's business violated the food and drug laws.